*801 OPINION
PER CURIAM.
Yan Qing Chen petitions for review of an order of the Board of Immigration Appeals (“BIA”) affirming the Immigration Judge’s (“IJ”) final order of removal. For the reasons that follow, we will deny his petition for review.
Chen, a native and citizen of China, was charged with removability pursuant to INA § 237(a)(1)(A). It is not clear from the record when or where he entered the United States, but he did so without proper documentation. Thereafter, he applied for asylum, withholding of removal and relief under the Convention Against Torture (“CAT”) in October 2005.[1] He alleged that he feared returning to China because he and his wife had two U.S.-born children in violation of China’s family planning policies. Following a hearing, the IJ denied relief, determining that Chen failed to meet his burden of proof. He appealed to the BIA, asking that the record be remanded to the IJ for the consideration of additional evidence. The BIA affirmed the IJ’s denial of relief and denied Chen’s motion to remand. Chen timely filed a petition for review.
We have jurisdiction over this petition for review under 8 U.S.C. § 1252. To qualify for asylum, Chen must show that he is a “refugee”; in other words, that he is “unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.” 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158. “[A] person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well-founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well-founded fear of persecution on account of political opinion.” 8 U.S.C. § 1101(a)(42)(A). The well-founded fear of persecution standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). To establish eligibility for "withholding of removal, an applicant must demonstrate “a clear probability of persecution.” See Fatin v. INS, 12 F.3d 1233, 1238 (3d Cir.1993).
Because the BIA independently assessed the record, we review only the BIA’s final order of removal. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir.2003). The BIA concluded, based on the evidence in the record, that Chen had not met his burden of demonstrating a well-founded fear of persecution. This finding is subject to review under the substantial evidence standard. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001). Under this deferential standard of review, we will uphold the findings of the BIA “unless the evidence not only supports a contrary conclusion but compels it.” Id. at 484. We review the BIA’s denial of a motion to reopen for abuse of discretion. Liu v. Attorney Gen., 555 F.3d 145, 148 (3d Cir.2009). Under this standard, we will reverse the BIA’s decision only if it is “arbitrary, irrational, or con *802 trary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002).
The BIA determined that Chen failed to cany his burden of proof. Chen’s testimony consisted of the fact that he has two U.S.-born children and that, before he came to the United States, he saw “thousands” of posters and heard “thousands” of broadcasts indicating that if a couple’s first child is a boy, they cannot have any additional children, and if their first child is a girl, they must wait four years before applying for a permit to allow them to have a second child. (A.R.1168-69.) Once they have had a second child, either the husband or the wife must be sterilized. (A.R. 1169.) He further testified that he was not personally aware of anyone who returned to China from the United States with two foreign-born children and was forced to undergo sterilization. (A.R.1171.) The BIA assumed that Chen’s testimony was credible and noted the extensive documentation he submitted in support of his claim, but concluded that it was insufficient to demonstrate an objectively reasonable likelihood of sterilization upon his return to China. We cannot say that the evidence compels a contrary conclusion. See Yu v. Attorney Gen., 513 F.3d 346, 348-49 (3d Cir.2008) (affirming BIA determination that, without additional evidence to the contrary, recent State Department Country Reports indicate that petitioner’s fear of forcible sterilization was not reasonable); Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir.2004) (requiring asylum applicant to demonstrate by “credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution”).
On appeal, Chen argues that BIA’s decision must be vacated as it failed to explicitly consider each document he submitted in support of his claim. We disagree. As we have previously held, the BIA “is not required to “write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.’ ” Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir.2006) (quoting Mansour v. INS, 230 F.3d 902, 908 (7th Cir.2000) (internal quotations omitted)). The BIA’s opinion clearly acknowledged the voluminous record compiled by Chen and concluded that it was insufficient to carry his burden of proof. Chen has not demonstrated that a contrary conclusion is compelled.[2]
Next, Chen challenges the BIA’s denial of his motion to remand. While the BIA has noted that motions to remand are not explicitly provided for by the statutory scheme, when such a motion requests relief normally provided for by a motion to reopen or to reconsider, the BIA will treat is as such. See Matter of Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992). Chen’s motion consisted of one paragraph requesting that the case be remanded to the IJ to allow him to consider and make part of the record over 1,000 pages of background documentation. (A.R.21.) Chen made no *803 argument regarding what that evidence would show, or why it was previously unavailable. (Id.) As the BIA noted, the vast majority of the documents attached to his motion pre-dated the IJ’s January 10, 2007 decision. As Chen failed to demonstrate that these documents were material and previously unavailable, the BIA properly exercised its discretion in denying the motion. See 8 C.F.R. § 1003.2(c)(1) (explaining that evidence in support of a motion to reopen must be material and previously unavailable); INS v. Abudu, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (charging the BIA with determining whether the applicant has offered previously unavailable material evidence and demonstrated prima facie eligibility for relief sought).
We have considered all of Chen’s arguments and conclude that they are without merit. Accordingly, we will deny the petition for review.

. Before the IJ, Chen indicated that he did not wish to pursue his claim for relief under the CAT. (A.R.1151.) Additionally, the BIA found that he waived any such claim by not raising it on appeal. Accordingly, we will not address the merits of that claim.

. We note in particular that Chen maintains that "[w]hen taken with the record evidence, Dr. Aird's expert opinion makes a convincing argument that the Petitioner’s fear that he will be forcibly sterilized is reasonable.... Absent any rebuttal expert affidavit, the BIA had no reason not to accept and give full weight to Dr. Aird's opinion as conclusive proof that the PRC's family planning policy remains coercive and would be applied to the Petitioner.” (Pet'r Br. 31.) However, in Yu v. Attorney General, 513 F.3d 346 (3d Cir.2008), we agreed with the BIA that recent State Department reports tend to cast doubt on the utility of Dr. Aird’s frequently-cited affidavit, which provided only generalized statements regarding China's family planning policies and did not specifically address the issue of couples returning to China with children born overseas. Id. at 348-49.